IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JEFFREY WAYNE TURNER                                              PLAINTIFF

v.                              CIVIL NO. 08-2080

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                    DEFENDANT

### **MEMORAMDUM OPINION**

Jeffrey Turner ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Doc. # 3). The defendant filed an answer to plaintiff's action on September 24, 2008, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (Doc. # 7).

On December 12, 2008, the Commissioner, having changed positions, filed a motion requesting that plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (Doc. # 11). The defendant states that upon remand, the ALJ will properly develop the record by obtaining additional medical evidence regarding plaintiff's neurological, orthopedic, and mental impairments. The ALJ will also obtain evidence from a medical expert in order to properly determine the severity of plaintiff's impairments and their impact on his ability to work. The defendant contends that further development is necessary so that this Court can perform a complete review of this case without having to make de novo findings.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand

pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency.  The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, we find remand for the purpose of the ALJ to further evaluate the evidence as addressed above, appropriate.

Based on the foregoing, we recommend that the Commissioner's motion to remand be granted and the case remanded to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 17th day of December 2008.

*/s/ J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE